IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISRAEL DIAZ | CIVIL ACTION |
| v. | |
| KENNETH ARNOLD, et al. | NO. 12-6754 |

MEMORANDUM

O'NEILL, J.                                                 JANUARY 28, 2013

Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against members of the staff at the Lancaster County prison. He alleges that he was injured when he fell from the top of a bunk bed, which did not have a ladder to allow him to get in and out of the bed. He is seeking money damages.[1]

With this action, plaintiff submitted a motion to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, for the reasons which follow, this action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. DISCUSSION

In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would

---

[1] The incident which plaintiff describes in his prayer for relief appears to be the same incident that is the basis for another case that plaintiff has filed in this Court (C.A. No. 10-5939), and which is still ongoing in this Court. Therefore, those claims will not be considered in this Memorandum and Order.

allow this Court to find that the defendants have violated plaintiff's constitutional rights. Even <u>assuming</u> <u>arguendo</u> that prison officials were negligent because the bunk bed did not have a ladder, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). Furthermore, plaintiff was given medical treatment for his injuries immediately after he fell.

## II. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. An order dismissing this complaint follows.